UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA BUCKLEY, M.D.,

    Plaintiff,

vs.                              Case No.:

DENIS McDONOUGH, Secretary,
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff Andrea Buckley, M.D., complains of Defendant Denis McDonough, Secretary, Department of Veterans Affairs as follows:

1. The Orlando VA Healthcare System (Orlando VAHCS) comprises the Orlando VA Medical Center (Orlando VAMC), a Veterans Administration (VA) hospital and medical center established in October 2006, and 11 community-based outpatient clinics in Central Florida. The Lake Baldwin VA Clinic is an outpatient clinic within the Orlando VAHCS that provides primary care and specialty health services and is located in Orlando, Orange County, Florida.

2. Plaintiff is a Black, African American female. She is a physician who has worked for Defendant for over 21 years and at all times material to this complaint.

3. Dr. Sree Yalamanchili was the Associate Chief of Staff, Ambulatory Care, Dr. Lisa Zacher was the Chief of Staff, and Timothy Cooke was the Medical Center Director at the Orlando VAMC at all times material to this complaint.

4. Each of the employees described herein was employed by Defendant and was acting within the course and scope of his or her employment with Defendant at the time of the conduct described herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims in this complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, including § 2000e-16 and § 2000e-2(m).

6. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII, including having exhausted her administrative remedies. Plaintiff filed a formal EEO complaint related to the events described herein on February 25, 2020. More than 180 days have passed since the filing of her formal complaint, satisfying the jurisdictional requirements of 42 U.S.C. § 2000e-16(c).

7. Venue in the Middle District of Florida is proper under 42 U.S.C. § 2000e-5(f)(3), because all of the unlawful employment practices described herein occurred and Orlando VAMC is located within the district.

## GENERAL ALLEGATIONS

8. Plaintiff filed EEOC Case No. 510-2016-00429X and EEOC Case No. 510-2018-00432X in 2016 and 2018, respectively.

9. Plaintiff has been subjected to disparate treatment based upon her race, color, sex, and reprisal for her protected EEO activity, as described in the following paragraphs.

10. In or around July 2019, Dr. Zacher initiated an Administrative Investigative Board (AIB) in close proximity to the conclusion of Plaintiff's prior EEOC case (No. 510-2018-00432X) involving Dr. Zacher and Dr. Yalamanchili.

11. On November 25, 2019, Plaintiff was removed from her supervisory position as the Chief Medical Officer of the Lake Baldwin VA Clinic and reassigned (detailed) to another location pending review of the findings of the AIB, which was held November 19 to 22, 2019.

12. On or around March 10, 2020, Dr. Zacher proposed Plaintiff's demotion based upon the AIB report she convened in November 2019. The proposal contained two charges. Charge 1 was based upon AIB findings that Plaintiff "did not promote an environment where employees felt psychologically safe and able to present concerns;" that Plaintiff "did not intervene in a disagreement between Nursing and Primary Care that resulted in an ongoing atmosphere of distrust and disrespect;" that Plaintiff's "lack of follow up on instructions allowed problems to go unresolved;" that Plaintiff "allowed a key manager to treat employees in a hostile and demeaning manner;" and that "Plaintiff's failure to address ongoing concerns has been detrimental to the work environment of the Lake Baldwin Outpatient Clinic." Charge 2 alleged that Plaintiff "fail[ed] to provide testimony freely and honestly per 38 CFR 0.735(12)(b)."

13. On or around March 25, 2020, Director Cooke notified Plaintiff of his decision to sustain the charges in the proposal letter and demote Plaintiff to a non-supervisory position, effective April 12, 2020.

## COUNT I
### Race/Color Discrimination

14. Plaintiff Andrea Buckley sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for race and color discrimination under Title VII.

15. Plaintiff incorporates and realleges paragraphs 1 through 13.

16. Defendant, through the Plaintiff's supervisors, has engaged in, directed, and/or ratified discriminatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these discriminatory and unlawful practices to the detriment of its employees. At all relevant times, Defendant knew or should have known of the discriminatory actions being taken against Plaintiff and failed to take necessary action to prevent or correct those actions and, in fact, ratified such conduct. In the alternative, Defendant, through the Plaintiff's supervisors, was motivated by discriminatory animus and involved discriminatory differential treatment during the process of making a personnel action based upon Plaintiff's race, color, race-plus-color, or her race-plus or color-plus her sex or protected activity.

17. Defendant, through acceptance of such conduct in this case and others, has adopted it and fostered an attitude among administrators, managers, and supervisors within the Orlando VAHCS that discrimination against employees is an acceptable employment practice.

18. As a result of the foregoing, Plaintiff has been damaged. Plaintiff's damages include but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

19. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT II
### Sex Discrimination

20. Plaintiff Andrea Buckley sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for sex discrimination under Title VII.

21. Plaintiff incorporates and realleges paragraphs 1 through 13.

22. Defendant, through the Plaintiff's supervisors, has engaged in, directed, and/or ratified discriminatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these discriminatory and unlawful practices to the detriment of its employees. At all relevant times, Defendant knew or should have known of the discriminatory actions being taken against Plaintiff and failed to take

necessary action to prevent or correct those actions and, in fact, ratified such conduct. In the alternative, Defendant, through the Plaintiff's supervisors, was motivated by discriminatory animus and involved discriminatory differential treatment during the process of making a personnel action based upon Plaintiff's sex or her sex-plus her race, color, or protected activity.

23. Defendant, through acceptance of such conduct in this case and others, has adopted it and fostered an attitude among administrators, managers, and supervisors at the Orlando VAMC that discrimination against employees is an acceptable employment practice.

24. As a result of the foregoing, Plaintiff has been damaged. Plaintiff's damages include but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

25. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT III
## Retaliation

26. Plaintiff Andrea Buckley sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for retaliation under Title VII.

27. Plaintiff incorporates and realleges paragraphs 1 through 13.

28. Plaintiff engaged in EEO activity which is protected under Title VII that included good-faith opposition to unlawful discrimination as well as participation in her own EEO cases.

29. Defendant was aware of each of Plaintiff's protected activities.

30. Plaintiff has been repeated subjected to material adverse personnel actions that have included losses in pay and imposition of discipline.

31. The aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts, and omissions to Plaintiff's detriment were all taken by administrators and managing and supervisory personnel of the Orlando VAHCS in retaliation for Plaintiff's protected EEO activity, as set forth above. In the alternative, protected activity was considered during Defendant's decision-making process or administration, management, and supervisors were motivated, at least in part, by Plaintiff's protected EEO activity.

32. Defendant, through the supervisors of the Plaintiff, has engaged in, directed, and/or ratified retaliatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these retaliatory and unlawful practices to her detriment. Defendant at all relevant times knew or should have known of the

retaliatory actions being taken against Plaintiff and failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

33. Defendant, through acceptance of such conduct in this case and others, has fostered an attitude among administrators, managers and supervisors at the Orlando VAHCS that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice.

34. As a result of the foregoing, Plaintiff has been damaged. Those damages include, but are not limited to two unjustified proposed terminations and a termination; loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to her professional reputation; humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

35. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT IV
**Injunctive Relief**

36.     Plaintiff Andrea Buckley sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for discrimination and retaliation under Title VII.

37.     Plaintiff incorporates and realleges paragraphs 1 through 13.

38.     Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

39.     There is (1) a substantial likelihood of success on the merits; (2) irreparable injury that will be suffered unless an injunction is issued; (3) the threatened injury to Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest.

40.     Plaintiff requests the Court award her attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions, and conduct:

    a.      Violating Title VII, as described above, including discrimination based on race, color, sex, and reprisal for protected EEO activity.

    b.      Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Andrea Buckley hereby demands a trial by jury on all issues so triable.

Date: February 14, 2023　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　**/s/ Sean McFadden**
　　　　　　　　　　　　　　　　　　Sean McFadden
　　　　　　　　　　　　　　　　　　Joseph D. Magri
　　　　　　　　　　　　　　　　　　Merkle Magri, P.A.
　　　　　　　　　　　　　　　　　　5601 Mariner St., Suite 400
　　　　　　　　　　　　　　　　　　Tampa, FL 33609
　　　　　　　　　　　　　　　　　　Tel. (813) 281-9000
　　　　　　　　　　　　　　　　　　Fax.: (813) 281-2223
　　　　　　　　　　　　　　　　　　Email: smcfadden@merklemagri.com
　　　　　　　　　　　　　　　　　　　　　　jmagri@merklemagri.com